FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2017 AUG -7 AM 9: 33

CASE NO.

LESLEY BUTZER, as Mother and Next Friend
of C.W., a Minor Child,

    Plaintiff,

5:17-cv-360-Oc-30PRL

vs.

CORECIVIC, INC. f/k/a CORRECTIONS
CORPORATION OF AMERICA,

    Defendant.
_____/

## COMPLAINT AND JURY TRIAL DEMANDED

**COMES NOW**, the Plaintiff, LESLEY BUTZER, as Mother and Next Friend of C.W., a Minor Child, by and through undersigned counsel, and sues the Defendant, CORECIVIC, INC. f/k/a CORRECTIONS CORPORATION OF AMERICA, (hereinafter "CORECIVIC") and further states as follows:

## GENERAL ALLEGATIONS

1.    This is a cause of action which is brought in the District Court for the Middle District, Florida pursuant to 28 U.S.C. 1333. The cause of action is in excess of $75,000.00. There is complete diversity of citizenship. Plaintiff is a citizen and resident of the State of Florida. Defendant, CORECIVIC, is a Maryland corporation with a principal place of business in Nashville, Tennessee.

2.    Defendant, at all times material hereto, jointly and severally, personally or through an agent:

    A.    Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

-1-

      B.     Were engaged in substantial activity within this state;

      C.     Committed one or more of the acts stated in Florida Statutes, 48.081, 48.181 or 48.193;

      D.     The acts of Defendant set out in this Complaint occurred in part in this county and/or state.

3. Defendant is subject to the jurisdiction of the Courts of this state.

4. At all times material hereto, CORECIVIC operated, managed, maintained and/or controlled the Citrus County Detention Facility, which is located in Citrus County, Florida (hereinafter "DETENTION FACILITY").

5. At all times material, Defendant owed Plaintiff a duty of ordinary care in the circumstances.

6. At all times material hereto, Plaintiff, LESLEY BUTZER, as Mother and next friend of C.W., a Minor Child, was and is a resident of Citrus County, Florida and is *sui juris*.

7. Plaintiff has complied with all conditions precedent to filing this action.

## FACTS COMMON TO ALL COUNTS

8. In 2003, Congress passed the Prison Rape Elimination Act ("PREA") aimed to protect inmates of all ages and all races from sexual abuse.

9. In response, CORECIVIC enacted policies intended to protect inmates of its facilities, but failed to properly implement them in this case.

10. In fact, CORECIVIC "has mandated zero-tolerance to all forms of sexual abuse" and recognizes that "sexual abuse in correctional institutions is a public safety issue." CORECIVIC, "Sexual Abuse Prevention and Response," Policy 14-2, Effective Nov. 3, 2014 (hereinafter "Policy 14-2").

11. Specifically, CORECIVIC's Policy 14-2.4(E)(2)(b) states that an "inmate/resident identified during the intake screening as at risk for sexual victimization with a history of prior victimization, whether incurred in an institutional setting or the community, are assessed by mental health or other qualified professions [and] will be identified monitored and counseled."

12. According to the same Policy, CORECIVIC was to "provide access to outside victim advocates for emotional support services related to sexual abuse."

13. On or about May 18, 2016, C.W., a Minor Child, was committed to CORECIVIC's Citrus County Detention Center.

14. C.W., a Minor Child, is a developmentally and cognitively delayed juvenile with functional abilities at a 6 to 8-year-old level.

15. Upon admission to CORECIVIC's DETENTION FACILITY, the Classification Officer specifically made note of C.W.'s severely diminished mental capacity and his vulnerability to sexual assault, checking "yes" to his admission screening questions, which included the following:

   a. *INMATE/RESIDENT APPEARS TO BE PHYSICALLY, DEVELOPMENTALLY OR MENTALLY DISABLED.*

   b. *INMATE/RESIDENT HAS A SMALL BUILD OR APPEARS TO BE VULNERABLE.*

16. Prior to his admission to the DETENTION FACILITY, C.W. was previously the victim of sexual assault. C.W. was repeatedly raped by his biological father, beginning at the age of eleven (11), and forced to witness the sexual assaults of his two siblings.

17. No inquiries were made by the Classification Officer as to prior victimization in accordance with CORECIVIC's Policy 14-2.4(E)(2)(b). No mental health or other qualified professions examined C.W., he was not monitored and counseled, and he was not provided access

to outside victim advocates pursuant to the same policy.

18. Despite having the knowledge that C.W. was mentally disabled and highly venerable to sexual assault, C.W. was placed in an adult jail facility where other inmates were provided the opportunity to bully C.W.

19. Furthermore, on August 3, 2016, six male individuals were arrested by local and/or state law enforcement agencies ("Arrestees") and some, if not all, based on information and belief, were held in the DETENTION FACILITY. These Arrestees were reportedly members of an organized crime group.

20. The Arrestees were not separated and were assigned to the same area, Charlie 1, where C.W. was housed.

21. While in CORECIVIC's DETENTION FACILITY, C.W. was brutally and repeatedly orally and anally raped by other inmates, including, but not limited to, based on information and belief, one or more of the Arrestees, housed in the same facility over a period of several days.

22. After C.W. was a victim of repeated acts of rape, he was denied access to his mother, Lesley Butzer. She, too, was denied access to C.W., her son. When Ms. Butzer inquired why she could not see her son, she was informed that C.W. "was in trouble." No mention of the sexual assaults were made to Ms. Butzer, until she made continued inquires.

23. Pursuant to CORECIVIC's Policy 14-2.4(M)(2), "[u]pon notification of alleged sexual abuse, the highest ranking authority onsite *shall* ensure that the following actions are accomplished:

> a. When the alleged perpetrator is an inmate/resident, in order to preserve any evidence, the alleged perpetrator is not allowed to wash, shower, brush his/her teeth, use the restroom facilities, change clothes, or eat and drink while secured in segregation in a single cell (if available)

    b. The PREA Compliance Manager and the Warden/Administrator or ADO are immediately notified of the allegation.

    c. While in the Health Services Department, a brief statement is obtained from the alleged victim concerning the incident.

        i. Based upon the alleged victim's statement regarding the location and time of the incident, ensure any crime scene is preserved. These actions shall include the following:

            1. Sealing access to the immediate area of the scene, if possible;
            2. Photographing the scene and visible evidence at the scene (e.g. tissue or blood); and
            3. Securing any available recorded video footage of the affected area.

24. Upon information and belief, CORECIVIC failed to comply with Policy 14-2.4(M)(2) regarding the preservation of evidence.

25. As a result of the repeated acts of rape in CORECIVIC's DETENTION FACILTY, under the care, custody and supervision of CORECIVIC, compounded with the prior rapes by his biological father, C.W. has suffered permanent, debilitating injuries which will require lifelong care.

## COUNT I – NEGLIGENCE

26. Plaintiff reavers and realleges paragraphs one through twenty-five as if set forth herein.

27. On or about October 3, 4, and 5, 2016, C.W. was detained in the DETENTION FACILITY, and was therefore in the care, custody, and control of CORECIVIC.

28. It was the duty of Defendant to provide Plaintiff with ordinary care under the circumstances.

29. On or about October 3, 4, and 5, 2016, C.W. was injured due to the fault and

negligence of the Defendant, and/or its agents, servants, and/or employees as follows:

    A.    Failure to use reasonable care to:

        i.    Take preventative steps to prevent the rape of C.W., a mentally disabled and incompetent minor;

        ii.    Train its agents, servants, and/or employees in the prevention, investigation, and reaction to inmate-on-inmate sexual abuse;

        iii.    Supervise its agents, servants, and/or employees in the prevention, investigation, and reaction to inmate-on-inmate sexual abuse;

        iv.    Warn Plaintiff of the dangers of inmate-on-inmate sexual abuse;

        v.    Separate members of an organized crime unit;

        vii.    Isolate or segregate a mentally disabled and incompetent minor from other inmates;

        viii.    Adequately supervise an inmate with known risks of being victimized sexually by other inmates;

        ix.    Promulgate, enforce, and/or comply with adequate policies and procedures on the prevention, investigation, and reaction to inmate-on-inmate sexual abuse;

        x.    Promulgate, enforce, and/or comply with rules, regulations, policies, practices, and statutes concerning the safety of pretrial detainees while in custody;

All of the foregoing caused or contributed to causing C.W. to suffer severe and permanent injuries, both physical and psychological, when he was forcibly, violently, and repeatedly raped, orally and anally, by other inmates while in the DETENTION FACILITY.

30. At all times material hereto, Defendant, CORECIVIC, and/or its employees had exclusive custody and control of the DETENTION FACILITY.

31. Defendant, CORECIVIC, and/or his agents, servants and/or employees knew of the foregoing conditions causing Plaintiff's injuries and did not correct them, or the conditions existed for sufficient length of time so that Defendant, CORECIVIC, in the exercise of reasonable care, under the circumstances, should have learned of them and had constructive notice of them and should have corrected them, or, in the alternative, or in addition thereto, actual notice is not required since Defendant vicariously or directly as hereinbefore alleged created the dangerous conditions which caused injury to C.W.

32. As a result of the negligence of Defendant, C.W., a minor child, was injured about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, and his working ability and earning capacity in the future has been impaired. The injuries and damages are permanent in nature, and C.W. will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff, Lesley Butzer, as Mother and Next Friend of C.W., a Minor Child, demands judgment from Defendant for costs, pre-judgment interest and damages. Jury trial is demanded.

## COUNT II – GROSS NEGLIGENCE

33. Plaintiff reavers and realleges paragraphs one through thirty as if set forth herein.

34. Defendant, CORECIVIC, had actual knowledge, through its agents, employees

and/or servants, that C.W. was a mentally and physically disabled minor child that was highly vulnerable to sexual attack.

35. Defendant's conduct, in failing to prevent, and react after learning of, the forcible rape of C.W., even though it had actual knowledge of his disability and vulnerability to rape, was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

36. As a result of the gross negligence of Defendant, C.W. was injured about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, and his working ability and earning capacity in the future has been impaired. The injuries and damages are permanent in nature, and C.W. will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for costs, pre-judgment interest, compensatory damages and punitive damages. Jury trial is demanded.

Dated this 3rd day of August, 2017.

Respectfully Submitted,

By: _____
JOHN P. FISCHER, ESQ.
Florida Bar No: 99751
FISCHER REDAVID, PLLC
2888 East Oakland Park Blvd.
Ft. Lauderdale, FL 33306
Telephone: (954) 860-8434
Facsimile: (954) 860-8584
john@frtriallawyers.com